UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES,
INC. d/b/a JET ICU,

    Plaintiff,

v.                                         Case No. 8:25-cv-2393-TPB-TGW

CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

    Defendants.

_____/

**ORDER DENYING WORLDWIDE AIRCRAFT SERVICES, INC.
D/B/A JET ICU'S PETITION TO VACATE ARBITRATION AWARD**

This matter is before the Court upon Petitioner "Worldwide Aircraft Services, Inc. d/b/a Jet ICU's Petition to Vacate Arbitration Award" on September 5, 2025. (Doc. 1). On November 10, 2025, Respondent Cigna Health and Life Insurance Company filed a response in opposition. (Doc. 14). A hearing is unnecessary to resolve the petition. After reviewing the petition, response, court file, and the record, the Court finds as follows:

**Background**

This case arises from an arbitration dispute concerning the appropriate amount payable by an insurer (Respondent) for services rendered by a provider (Petitioner). Petitioner, an air ambulance services provider, disputed an out-of-network rate set by Respondent for "Fixed Wing Air Mileage" and "Air Services Fixed Wing" that were

provided to the insured.[1]  The parties arbitrated the dispute under the federal "No Surprises Act Independent Dispute Resolution" ("IDR") process, and the arbitrator ultimately selected Respondent's offer of $0.  Petitioner seeks to vacate the arbitration award.

## Legal Standard

Under the Federal Arbitration Act ("FAA"), a district court must confirm an arbitration award unless it is "vacated, modified or corrected as prescribed in sections 10 and 11 of this title."[2]  9 U.S.C. § 9.  Section 10 of the FAA provide the following grounds for vacating an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[1] During the open negotiation, Petitioner offered a rate of $355,759.00 for "Fixed Wing Air Mileage" and a rate of $22,500.00 for "Air Services Fixed Wing."

[2] A district court may have subject matter jurisdiction over a case where a party seeks to vacate an arbitration award.  *See Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1326 (11th Cir. 2005) ("We hold that a federal court has subject matter jurisdiction where a party seeking to vacate an arbitration award is also seeking a new arbitration hearing at which he will demand a sum which exceeds the amount in controversy for diversity jurisdiction purposes.").  Petitioner seeks an amount exceeding $75,000.  The Court notes that Petitioner does not sufficiently allege the citizenship of Respondent in the petition to vacate by indicating only its principal place of business and not its place of incorporation, but a review of publicly available records makes it clear that complete diversity exists in this case.

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Importantly, Section 10 of the FAA provides the exclusive grounds for vacatur of arbitration awards. *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 583 (2008).

To that end, judicial review of arbitration awards is "narrowly limited." *Gianelli Money Purchase Plan & Tr. v. ADM Inv. Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998) (citing *Davis v. Prudential Sec. Inc.*, 59 F.3d 1186, 1188 (11th Cir. 1995)). In fact, "[t]here is a presumption under the FAA that arbitration awards will be confirmed, and that federal courts should defer to an arbitrator's decision whenever possible." *Griffin v. Lynch*, No. 1:24-cv-02726-LMM, 2024 WL 4953435, at *1 (N.D. Ga. Oct. 7, 2024) (citing *Dorward v. Macy's Inc.*, 588 F. App'x 951, 953 (11th Cir. 2014)). It is well-settled that "arbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." *Dorward*, 588 F. App'x at 953 (quoting *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842-43 (11th Cir. 2011)).

## Analysis

Petitioner seeks to vacate an arbitration award made in favor of Respondent by IDR arbitrator ProPeer Resources, LLC. Specifically, Petitioner requests that the Court vacate the arbitration award because (1) Petitioner was not provided appropriate notice of the arbitration or the grounds on which the decision was made; and (2) the arbitrator exceeded its authority by basing its decision on "incorrect"

information provided by Respondent "ex parte without providing the Petitioner a meaningful opportunity to be heard."

Respondent contends that Petitioner has failed to satisfy its burden for vacatur of the arbitration award. As an initial matter, Respondent argues that the petition should be denied because Petitioner has failed to plead the grounds for vacatur with particularity. The Court agrees – Petitioner provides no details or evidence to support its vague and broad assertions in the petition. The Eleventh Circuit has suggested that motions to vacate arbitration awards are governed by Federal Rule of Civil Procedure 7(b), and that notice pleading is insufficient. *See O.R. Sec., Inc. v. Pro. Plan. Assocs., Inc.*, 857 F.2d 742, 745 (11th Cir. 1988). Here, Petitioner has failed to "state with particularity the grounds" for vacatur. *See* Fed. R. Civ. P. 7(b)(1).

However, even if Petitioner were not required to plead the grounds for vacatur with particularity, it is apparent that Petitioner has still failed to meet its burden for vacatur. It is important to understand the process involved in submitting disputes pursuant to the No Surprises Act ("NSA"). First, the provider and insurer try to agree on a price for services. If the negotiation fails, the provider has four days to initiate IDR proceedings, and if the parties pursue IDR, either the parties or the Department of Health and Human Services selects a certified independent dispute resolution entity to arbitrate the dispute. *See Guardian Flight L.L.C. v. Health Care Service Corp.*, 140 F.4th 271, 273-74 (5th Cir. 2025); *see also Med-Trans Corp. v. Capital Health Plan, Inc.*, 700 F. Supp. 3d 1076, 1079-80 (M.D. Fla. 2023). The arbitrator determines the amount that the payor owes the provider through a "baseball-style" dispute resolution where the provider and insurer each submit an offer, and the arbitrator selects one

offer as the award. *Id.* In the absence of fraud or misrepresentation, the IDR award "shall be binding upon the parties involved." *Id.* In this case, Petitioner initiated the IDR process, and as mentioned, ProPeer Resources, LLC was the certified independent dispute resolution entity that determined the dispute.

A party seeking to vacate an award on the ground that the arbitrator exceeded the arbitrator's powers bears a heavy burden. *Dorward*, 588 F. App'x at 954 (citing *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013)). Under the FAA, courts may vacate an arbitration decision "only in very unusual circumstances." *Oxford Health*, 569 U.S. at 568-69 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). Limited judicial review "maintain[s] arbitration's essential virtue of resolving disputes straightaway," and "[i]f parties could take full-bore legal and evidentiary appeals, arbitration would become merely a prelude to a more cumbersome and time-consuming judicial review process." *Id.* (internal quotations and citations omitted).

In this case, Petitioner provides no support for its broad and conclusory assertions that it did not have notice of the proceeding or the grounds upon which the decision was made. In fact, as previously noted, Petitioner was the party that submitted the dispute to the arbitrator, and the arbitrator's decision (attached as Exhibit A to the petition) states that the arbitrator reviewed and considered "all permissible information submitted by both parties." *See* (Docs. 1; 1-1). As to assertions that the arbitrator exceeded its authority or was biased in favor of

Respondent, Petitioner has made no showing of bias and has provided no explanation as to how the arbitrator was biased or exceeded its authority.[3]

Petitioner also claims that the arbitrator failed to consider the evidence submitted by Petitioner (and also again, that the arbitrator exceeded its authority). But it is not sufficient merely to assert that the arbitrator failed to consider evidence – the petitioner must specifically *identify* what evidence the arbitrator failed to consider and explain why that evidence was pertinent or material to the case. *See Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1301 (11th Cir. 2015); *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328, 1333 (11th Cir. 2007) ("[A] federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings.").

As noted, the arbitrator's decision reflects that the arbitrator reviewed and considered all permissible information submitted by both parties. *Petitioner does not identify any specific evidence that the arbitrator did not consider, nor does it provide any explanation for its conclusory statement that "the arbitrator's conclusion means that it either refused to hear the relevant evidence by the Petition, or based its decision on the submission of evidence the arbitrator is not allowed to consider."* Moreover, Petitioner does not identify any fraud or misrepresentation in the arbitration process. It appears that Plaintiff's grievance is really that it disagrees with the outcome – the

---

[3] Under Section 10(a)(2), an arbitration award may be vacated due to the evident partiality of the arbitrator "only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *World Bus. Paradise, Inc. v. Suntrust Bank*, 403 F. App'x 468, 470 (11th Cir. 2010). Moreover, if no actual conflict exists, the moving party must show that the alleged partiality is "direct, definite and capable of demonstration rather than remote, uncertain and speculative." *Univ. Commons-Urbana, Ltd. v. Univ. Constructors, Inc.*, 304 F.3d 1331, 1339 (11th Cir. 2002).

arbitrator's selection of Respondent's offer – rather than a failure to consider evidence.[4]

Consequently, the Court finds that Petitioner has failed to meet its burden to vacate the arbitration award. The petition to vacate the arbitration award is therefore denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Petitioner "Worldwide Aircraft Services, Inc. d/b/a Jet ICU's Petition to Vacate Arbitration Award" (Doc. 1) is **DENIED**.

(2) The Clerk is directed to enter judgment in favor of Respondent Cigna Health and Life Insurance Company and against Petitioner Worldwide Aircraft Services, Inc. d/b/a Jet ICU.

(3) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of January, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the IDR process at issue here does not require in-person hearings or the filing of briefs. Instead, each party submits its offer alongside additional information that it believes supports its suggested award amount. 42 U.S.C. § 300gg-111(c)(5)(A). The arbitrator then picks one award in its entirety to enforce. See 42 U.S.C. § 300gg-111(c)(6).